**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| STEVE LACROIX, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| v. | |
| BEST BUY STORES, L.P., a Minnesota limited partnership, | |
| *Defendant*. | |

**CLASS ACTION COMPLAINT**

Plaintiff Steve LaCroix brings this class action complaint against Defendant Best Buy Stores, L.P. ("Best Buy" or "Defendant"), to stop its practice of making unsolicited phone calls to telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. In an effort to promote the sale of its mobile phones, Best Buy—one of the nation's largest electronics retailers—has engaged in an especially pernicious form of marketing: the transmission of unauthorized robocalls to consumers across the country.

2. By effectuating these unauthorized robocalls, Defendant has caused such call recipients actual harm, not only because the called parties were subjected to the aggravation and privacy invasion that necessarily accompanies unsolicited calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff,

must frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

3.      In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited prerecorded or artificial voice calls to cell phones and land lines, as well as prohibits calls placed to phone numbers listed on the federal Do Not Call Registry.

4.      The TCPA was enacted to protect consumers from unsolicited robocalls exactly like those alleged in this case. Best Buy made these calls despite the fact that neither Plaintiff nor the other members of the putative Class and SubClass provided Best Buy with consent to do so.

5.      On behalf of the proposed Class and SubClass, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telephone calls using a prerecorded or artificial voice and an award of actual and statutory damages to the Class and SubClass members, together with costs and attorneys' fees.

## PARTIES

6.      Plaintiff Steve LaCroix is a natural person domiciled in the State of Florida.

7.      Defendant Best Buy Stores, L.P. is a corporation incorporated and existing under the laws of the State of Minnesota with its principal place of business located at 7601 Penn Ave S Richfield, Minnesota 55423. Best Buy does business throughout the United States and the State of Florida.

## JURISDICTION AND VENUE

8.      This Court has federal question subject matter jurisdiction under 28 U.S.C. §

1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

9. The Court has personal jurisdiction over Best Buy, and venue is proper here, because Best Buy transacts significant amounts of business within this District, operated retail stores within this District, and the unauthorized robocalls at issue were directed to and received in this District.

## COMMON ALLEGATIONS OF FACT

10. Best Buy placed, and continues to place, repeated phone calls to consumers, utilizing a prerecorded or artificial voice, with the express purpose of inducing them to visit a Best Buy store to "upgrade" their cellular telephone. The recipients of Best Buy's robocalls have never consented to receiving any promotional telephone calls from Best Buy—let alone repeated, pre-recorded robocalls.

11. Instead, on information and belief, Best Buy acquired the phone numbers from the consumers' cellular telephone carriers, including AT&T and Verizon. Plaintiff and the putative Class and SubClass have not provided their carriers with consent to receive robocalls from anyone, including Best Buy.

12. Even more problematic, these robocalls were placed to consumers who have no relationship with Best Buy and/or who have never purchased a mobile phone from Best Buy.

13. Moreover, Best Buy placed unauthorized robocalls to numerous SubClass members whose phone numbers are listed on the federal Do Not Call Registry.

14. Best Buy has placed these promotional robocalls to tens of thousands of consumers in the past four years for the sole purpose of encouraging them to upgrade their mobile phones at a Best Buy store.

**FACTS SPECIFIC TO PLAINTIFF LACROIX**

15. Since in or around January 2011, Plaintiff has received approximately one robocall per month from Best Buy. The calls each indicated that Plaintiff is eligible for a mobile phone upgrade and that he should visit a Best Buy store to purchase a new phone.

16. Plaintiff received robocalls from Defendant on three separate phone lines, including two cellular telephones and one landline. Prior to receiving these robocalls, Plaintiff registered one or more of his phone numbers with the federal Do Not Call Registry.

17. Plaintiff never expressly consented, requested, or desired to receive promotional calls from Defendant for any purpose, let alone regarding mobile phone upgrades. Plaintiff has never bought a cellular telephone from or through Defendant Best Buy.

**CLASS ALLEGATIONS**

18. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a Class and SubClass defined as follows:

> **Best Buy Class:**
>
> All persons in the United States who (1) received one or more telephone calls from Defendant Best Buy Stores, L.P.; (2) featuring a prerecorded or artificial voice; (3) promoting the purchase of a cellular telephone.
>
> **Do Not Call SubClass**
>
> All Best Buy Class Members who registered one or more phone numbers with the federal Do Not Call Registry and thereafter (1) received two or more telephone calls from Defendant Best Buy Stores, L.P. within a 12-month period; (2) featuring a prerecorded or artificial voice; (3) promoting the purchase of a cellular telephone.

19. **Numerosity**: The exact number of the members of the Class and SubClass is unknown and not available to the Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed or had placed calls to tens of

4

thousands of consumers who fall within the definition of the Class and SubClass. Members of the Class and SubClass can be identified through Defendant's records.

20. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class and SubClass, as Plaintiff and other members of the Class and SubClass sustained damages arising out of the wrongful conduct of Defendant, based upon the same types of phone calls made to Plaintiff.

21. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and SubClass, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and SubClass, and Defendant has no defenses unique to Plaintiff.

22. **Predominance and Superiority**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all parties is impracticable. The damages suffered by the individual members of the Class and SubClass will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendant. It would be virtually impossible for the individual members of the Class and SubClass to obtain effective relief from Defendant's misconduct. Even if members of the Class and SubClass could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions

ensured.

23. **Commonality**: There are many questions of law and fact common to the claims of Plaintiff and the Class and SubClass, and those questions predominate over any questions that may affect individual members of the Class and SubClass. Common questions for the Class include, but are not limited to the following:

    (a) whether Defendant's conduct violated the TCPA;

    (b) whether Defendant systematically place calls using a prerecorded or artificial voice to persons that did not previously provide Defendant with consent to call their respective telephone numbers;

    (c) whether the calls made by Defendant using a prerecorded or artificial voice violated Class and SubClass members' respective rights to privacy;

    (d) whether SubClass members' telephone numbers were on the federal Do Not Call List at the time Defendant called them; and

    (e) whether Class and SubClass members are entitled to treble damages based on the willfulness of Defendant's conduct.

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227, *et seq*.
### (On behalf of Plaintiff and the Class)

24. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

25. Defendant made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the telephone numbers of Plaintiff and the other members of the Class.

26. The phone calls were made to Plaintiff and members of the Best Buy Class without prior express consent. Plaintiff and Best Buy Class members did not provide Defendant

with their phone numbers for the purpose of Defendant directing robocalls to them related to purchasing a cellular telephone, or for any other purpose that would permit Defendant to place robocalls to them.

27. Defendant Best Buy has, therefore, violated the TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

28. As a result of Defendant's illegal conduct, the members of the Class suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled, *inter alia*, to a minimum of $500.00 in damages for each such violation of the TCPA.

29. Should the Court determine that Defendant Best Buy's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Best Buy Class.

## COUNT II
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
### (On behalf of Plaintiff and the Do Not Call SubClass)

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the telephone numbers of Plaintiff and the other members of the Do Not Call SubClass, whose phone numbers were listed on the federal Do Not Call Registry at the time the calls were made.

32. Defendant placed more than one unsolicited and unauthorized phone call to Plaintiff and other members of the Do Not Call SubClass within a 12-month period.

33. 47 U.S.C. §227 (c) provides that any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

regulations prescribed under this subsection may" bring a private action based on violation of said regulations.

34. The TCPA's implementing regulation, 47 C.F.R. §64.1200 (c), provides that "No person or entity shall initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do- not- call registry of persons who do not wish to receive telephone solicitations…."

35. 47 C.F.R. §64.1200(e) provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CO Docket No. 02-278, FCC 03- IS3, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

36. Defendant violated § 64.1200(c) by initiating telephone solicitations to telephone numbers, such as those belonging to Plaintiff and the SubClass, who registered their respective telephone numbers on the federal Do Not Call Registry, as set forth in § 64.l200(d)(3).

37. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the SubClass received more than one telephone call within any 12-month period by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200.

38. Under section 227(c)(5)(B), Plaintiff and the other members of the Do Not Call SubClass are each entitled to, *inter alia*, a minimum of $500 in damages for each violation.

39.     Should the Court determine that Defendant Best Buy's misconduct was willful and knowing, the Court may, pursuant to section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Do Not Call SubClass.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steve LaCroix, individually and on behalf of the Best Buy Class and the Do Not Call SubClass, prays for the following relief:

1. An order certifying the Best Buy Class and Do Not Call SubClass as defined above; appointing Plaintiff Steve LaCroix as the representative of the Best Buy Class and the Do Not Call SubClass; and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited phone call activities, and otherwise protecting the interests of the Class and SubClass;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: July 10, 2012 	Respectfully submitted,

	**Steve LaCroix**, individually and on
	behalf of all others similarly situated


	By: /s/ *Scott D. Owens*
	One of Plaintiff's Attorneys


Scott D. Owens
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Telephone: 954-306-8104
scott@scottdowens.com

Rafey S. Balabanian*
Ari J. Scharg*
Christopher L. Dore*
EDELSON MCGUIRE LLC
350 N. LaSalle St., Suite 1300
Chicago, Illinois 60604
Telephone: (312) 589-6380
rbalabanian@edelson.com
ascharg@edelson.com
cdore@edelson.com

**Pro hac vice* application forthcoming